# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RONDELL WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10157 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Rondell Watts, has been given two 30-day extensions in which to pay his $400 filing fee, or file a complete and accurate application to proceed *in forma pauperis* and explain the discrepancies between his previous application and his testimony at his administrative hearing on his application for Supplemental Security Income. Each time the plaintiff was granted extra time to comply with the court's orders, he was warned that failure to do so could result in his case being dismissed. Under the most recent order granting him an extension, dated May 12, 2016, he had to comply by June 13, 2016. He has filed nothing, and six months have passed. As this case has been inactive for more than six months, it is dismissed for want of prosecution under Local Rule 41.1.

Mr. Watts applied for Social Security disability benefits in March 2011, claiming he was no longer able to work as of March 1, 2008. [Dkt. #26 (Certified Transcript), at 402]. It's unclear what became of that application, but in July 2012, he tried again. [Dkt. #26 (Certified Transcript), at 415-21]. This time, he said he became unable to work as of April 1, 2008 [Dkt. #26 (Certified Transcript), at 415, 446], due to depression and anxiety. [Dkt. #26 (Certified Transcript), at 505, 516]. Mr. Watts's application was denied throughout the administrative process, with an

administrative law judge eventually conducting a hearing and determining that he could still perform simple, medium work that didn't involve more than incidental contact with the public or joint tasks with other employees. [Dkt. #26 (Certified Transcript), at 53].

Mr. Watts then filed an action for review of the denial of his application under 42 U.S.C. §405(g). He began the case proceeding *pro se* and *in forma pauperis*. In his November 9, 2015 *in forma pauperis* application, he did not answer question 2(b) and the last job he held, which would indicate he had never been employed. He did not answer question 3, which asked whether he was married. He did not answer question 4(d), which asked whether he received any pension, social security benefits, disability, or life insurance. Indeed, his responses to question 4 indicated that, in the last twelve months, he had received no income of any kind – not even public assistance or gifts. And, finally, he did not answer question 11, which asks about dependents. [Dkt. #4]. Given that the application was incomplete, the court denied it on February 9, 2016, and gave Mr. Watts 30 days in which to file an amended application or pay the filing fee. [Dkt. #20].

Mr. Watts filed a second application on February 19, 2016. This time, he answered question 3, saying he wasn't married, and answered question 11, saying he had no dependents. He still left question 2(b) unanswered, again indicating that he had never had a job. He answered question 4(d) in the negative, claiming he received no pension, social security benefits, disability, or life insurance. He continued to claim that, in the previous 12 months, he had existed on no income whatsoever; no salary, no benefits, no gifts, no public assistance of any kind. [Dkt. #24, at 2; question 4]. Based on Mr. Watts's answers the second time around, his application was granted. [Dkt. #25].

That turned out to be a mistake. On March 2, 2016, the Commissioner filed the Certified Transcript of the administrative proceedings in Mr. Watts's claim, and it became clear that Mr.

2

Watts's *in forma pauperis* application was not entirely accurate. At his administrative hearings, Mr. Watts testified that he received multiple forms of public assistance [Dkt. #26 (Certified Transcript), at 78, 154-55, 164], contrary to his response to question 4(f) in both of the applications he filed. Contrary to his response to question 2(b) in both of his applications, he has had jobs in the past, most recently in 2010. [Dkt. #26 (Certified Transcript), at 79, 119-21, 132-33, 425, 430-32, 462-65]. There was also testimony indicating that his girlfriend and family gave him money [Dkt. #26 (Certified Transcript), at 93-94, 132, 164], contrary to his answers to questions 4(e) and 4(g).

In an order dated March 8, 2016, the court denied Mr. Watts' second application. It pointed out the foregoing discrepancies, and indicated that, given some of the prevarication in his administrative hearing testimony regarding his criminal history and illegal drug use [Dkt. #26 (Certified Transcript), at 104-05], the suspicion was that he had lied on his application and his claim of impecuniousness was unreliable. But, the order did allow that Mr. Watts may have made a mistake. Mr. Watts' *in forma pauperis* application was then denied, and he was given 30 days in which to pay the filing fee or his case would be dismissed. [Dkt. #26].

Thirty days came and went and there was nothing from Mr. Watts. The court entered another order on April 11, 2016, noting that Mr. Watts had had two chances to file a proper application to proceed *in forma pauperis* and hadn't managed to do so. The court also noted that Mr. Watts had failed to comply with the previous order in the time allowed. But, as he was proceeding *pro se*, the court gave him an additional 30 days in which to pay the filing fee to avoid dismissal of his case, or to file a statement explaining the contradictions between his application and the administrative record in his case. [Dkt. #28].

The day before the deadline, on May 10, 2016, Mr. Watts filed a motion for an extension of

time because he has carpal tunnel syndrome and it takes him more time to write things. He also said that he was on Prozac the day of his administrative hearing, and didn't know when he filled out his second application that he had to change his answer to say he received public assistance. [Dkt. #29, at 1, 47]. He attached a number of exhibits that did seem to indicate he was being treated for carpal tunnel syndrome, and in an order dated May 12, 2016, the court granted Mr. Watts's motion for an extension of time. The court gave him a final chance, and an additional 30 days, to comply with the court's orders – by paying the filing fee or providing a statement explaining the contradictions between his *in forma pauperis* applications and the administrative record in his case – or his case would be dismissed. The court pointed out that the fact that he was on Prozac during the hearing could not account for those discrepancies. Prozac would not cause him to fabricate a work history or receipt of public assistance. It certainly could not account for the documentary evidence supporting his work history. The problem, the court explained, was not with Mr. Watts's administrative hearing testimony, it was with his answers on his applications. [Dkt. #30].

Since then, as already noted, the court has heard nothing from Mr. Watts. Under 28 U.S.C. §1915(e)(2)(A), a court must dismiss a case if the allegation of poverty in an *in forma pauperis* application is untrue. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). In this instance, while Mr. Watts may have lied in his application, that doesn't necessarily mean his allegation of poverty was untrue. Still, lying on an IFP application ought to warrant *some* sanction, *see McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008)("... the wrongful act of making false statements to the court is always harmful."), but the problem is a monetary sanction in a case like this probably wouldn't have much effect. *Thomas*, 288 F.3d at 307. As it happens, the court need not parse these considerations because Mr. Watts compounded his situation

4

by failing to comply with the most recent court order for over six months. Under Local Rule 41.1, that warrants dismissal. Even *pro se* litigants must follow the rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jenkins v. Miles,* 553 Fed.Appx. 638, 640–641 (7th Cir. 2014)(Posner, J.)(affirming dismissal of *pro se* plaintiff's case); *S.E.C. v. Spadaccini,* 256 Fed.Appx. 794, 795 (7th Cir. 2007). *Cf. Korsunskiy v. Gonzales,* 461 F.3d 847, 850 (7th Cir. 2006).

## CONCLUSION

For the foregoing reasons, the plaintiff's case is dismissed under Local Rule 41.1

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

*DATE: 11/18/16*